**22-2742**

IN THE

# United States Court of Appeals

## FOR THE THIRD CIRCUIT

◆◆

GLEN WILKOFSKY,

*Plaintiff-Appellant,*

—v.—

AMERICAN FEDERATION OF MUSICIANS LOCAL 45;
ALLENTOWN SYMPHONY ASSOCIATION INC.,

*Defendants-Appellees.*

APPEAL FROM THE ORDER DATED AUGUST 19, 2022
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA AT DOCKET NO. 5:22-CV-1424

## BRIEF FOR DEFENDANT-APPELLEE
## ALLENTOWN SYMPHONY ASSOCIATION INC.

REBECCA PRICE, ESQ.
NORRIS MCLAUGHLIN, P.A.
515 West Hamilton Street, Suite 502
Allentown, Pennsylvania 18101
(610) 391-1800

ROBERT MAHONEY, ESQ.
NORRIS MCLAUGHLIN, P.A.
400 Crossing Boulevard, 8th Floor
Bridgewater, New Jersey 08807
(908) 722-0700

*Attorneys for Defendant-Appellee
    Allentown Symphony Association Inc.*

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES .................................................... iii

I.   JURISDICTIONAL STATEMENT ...................................... 1

     A.   SUBJECT MATTER JURISDICTION ........................... 1

     B.   APPELLATE JURISDICTION .................................... 1

     C.   FILING DATES ................................................. 1

     D.   ASSERTION OF FINAL ORDER ............................... 2

II.  STATEMENT OF THE ISSUE ......................................... 2

     A.   DID APPELLANT'S FIRST AMENDED COMPLAINT
          FAIL TO STATE A CLAIM FOR VIOLATION OF HIS
          CONSTITUTIONAL RIGHTS WHERE THAT CLAIM
          IS BASED UPON THE ERRONEOUS PROPOSITION
          THAT APPELLEES WERE STATE ACTORS OR THAT
          APPELLEES ACTED UNDER COLOR OF STATE
          LAW? .......................................................... 2

III. STATEMENT OF RELATED CASES AND PROCEEDINGS ........ 2

IV.  STATEMENT OF THE CASE .......................................... 2

     A.   FACTS ......................................................... 2

     B.   PROCEDURAL HISTORY ..................................... 5

     C.   RULINGS PRESENTED FOR REVIEW ........................ 6

V.   SUMMARY OF ARGUMENT .......................................... 7

VI.  STANDARD OF REVIEW ............................................. 7

VII. ARGUMENT ........................................................... 10

A.    APPELLANT'S FIRST AMENDED COMPLAINT
FAILED TO STATE A CLAIM FOR VIOLATION OF
HIS CONSTITUTIONAL RIGHTS BECAUSE
APPELLANT FAILED TO ESTABLISH THAT
APPELLEES WERE STATE ACTORS OR THAT
APPELLEES ACTED UNDER COLOR OF STATE
LAW. .................................................................. 10

VIII.  CONCLUSION ........................................................ 19

CERTIFICATIONS ............................................................ 20

# TABLE OF AUTHORITIES

PAGE(S)

## Cases

*Angelico v. Lehigh Valley Hosp., Inc.*,
  184 F.3d 268 (3d Cir. 1999) ........................................... 10, 16

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009).............. 8, 9

*Boykin v. Bloomsberg Univ. of Pa.*,
  893 F. Supp. 409 (M.D. Pa. 1995), aff'd, 91 F.3d 122 (3d Cir.
  1996).................................................................. 15

*Chester County Intermediate Unit v. Pennsylvania Blue Shield*,
  896 F.2d 808 (3d Cir. 1990) ...................................... 9

*Crissman v. Dover Downs Entm't, Inc.*,
  289 F.3d 231 (3d Cir. 2002) ............................................. 12

*Groman v. Twp of Manalapan*,
  47 F.3d 628 (3d Cir. 1995) .............................................. 12

*Jackson v. Metropolitan Edison Co.*,
  419 U.S. 345 (1974).................................................. 16, 17

*Janus v. AFSCME Council 31*,
  138 S.Ct. 2448, 201 L.Ed. 924 (2018)................................. 4, 15

*Leshko v. Servis*,
  423 F.3d 337 (3d Cir. 2005) ............................................. 12

*Mark v. Borough of Hatboro*,
  51 F.3d 1137 (3d Cir. 1995) ....................................... 10, 11, 12

*N.Y. Shipping Ass'n., Inc. v. Waterfront Comm'n of N.Y. Harbor*,
  835 F.3d 344 (3d Cir. 2016) .......................................... 7, 8

*Oliver v. Serv. Emps. Int'l Union Loc. 668*,
  415 F. Supp. 3d 602 (E.D. Pa. 2019) .................................... 17

*Peltier v. Chart Day Sch., Inc.*,
  37 F.4th 104 (4th Cir. 2022)............................................. 14

PAGE(S)

*Pension Benefit Guaranty Corp. v. White Consolidated Industries*,
   998 F.2d 1192 (3d Cir. 1993)............................................. 9, 16

*Phillips v. County of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) ................................................. 9

*White v. Commc'ns Workers of Am., AFL-CIO, Loc. 1300*,
   370 F.3d 346 (3d Cir. 2004) ................................................ 16

**Statutes**

28 U.S.C. § 1291 .............................................................. 1

28 U.S.C. § 1331 .............................................................. 1

29 U.S.C. § 151 *et seq*., National Labor Relations Act ..................... 13

29 U.S.C. § 158.8 ............................................................ 15

42 U.S.C. § 1983 ......................................................... *passim*

43 P.S. §211.6, Pennsylvania Labor Relations Act .......................... 15

Public Employee Relations Act ("PERA"), Act of July 23, 1970, P.L.
   563, as amended, 43 P.S. § 1101.301(18) .......................... *passim*

   PERA, § 301(1)............................................................ 4

   PERA, § 301(18) .......................................................... 3

PERA, 43 P.S. §1101.705 ................................................. 15, 18

**Rules**

F.R.C.P. 12(b)(6)...................................................... 5, 6, 8, 9

## I.    <u>JURISDICTIONAL STATEMENT</u>

### A.    SUBJECT MATTER JURISDICTION

Appellant, Glen Wilkofsky, filed a First Amended Complaint against Appellees, Allentown Symphony Association, Inc. ("Symphony") and American Federation of Musicians, Local 45 ("Union") (collectively "Appellees") asserting a claim based upon an alleged violation of 42 U.S.C. § 1983. The United States District Court for the Eastern District of Pennsylvania had jurisdiction pursuant to 28 U.S.C. § 1331 and dismissed Wilkofsky's First Amended Complaint with prejudice.

### B.    APPELLATE JURISDICTION

The Order of the United States District Court of the Eastern District of Pennsylvania granting Appellees' motions to dismiss Wilkofsky's First Amended Complaint with prejudice and disposing all of his claims is a final decision. Therefore, this Honorable Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

### C.    FILING DATES

The District Court's Order dismissing Plaintiff's First Amended Complaint was entered on August 19, 2022. Appellant filed his Notice of Appeal on September 16, 2022, within thirty days from the District Court's Order.

### D.     ASSERTION OF FINAL ORDER

The District Court's Order entered on August 19, 2022, granted Appellees' motions to dismiss Appellant's First Amended Complaint with prejudice and disposed all of Appellant's claims. Appellant's appeal is from the final order.

## II.     <u>STATEMENT OF THE ISSUE</u>

### A.     DID APPELLANT'S FIRST AMENDED COMPLAINT FAIL TO STATE A CLAIM FOR VIOLATION OF HIS CONSTITUTIONAL RIGHTS WHERE THAT CLAIM IS BASED UPON THE ERRONEOUS PROPOSITION THAT APPELLEES WERE STATE ACTORS OR THAT APPELLEES ACTED UNDER COLOR OF STATE LAW?

(Raised by First Amended Complaint, Motions to Dismiss, and Final Order dismissing Appellant's First Amended Complaint with prejudice).

## III.     <u>STATEMENT OF RELATED CASES AND PROCEEDINGS</u>

This case has not been before this Court previously, and the Symphony is not aware of any case or proceeding that is in any way related, completed, pending, or about to be presented before this Court or any other court or agency, state or federal.

## IV.     <u>STATEMENT OF THE CASE</u>

### A.     FACTS

Wilkofsky asserted that the Symphony and the Union entered into a series of collective bargaining agreements (CBAs) concerning wages, hours, and conditions of employment for employees of the Symphony. Wilkofsky alleged that he had been

employed by the Symphony since 2001 and maintained his membership in the Union until January 2020. Appx108-109; Pl. First Amend. Compl. ¶¶38-40,45-46.

The CBA relevant to the instant dispute covers the period from July 1, 2019, through June 30, 2023. Appx141-173; Motion to Dismiss Pl. First Amend. Comp., Exh. "A." As a condition of employment, the CBA contains maintenance of membership language that requires members to maintain their membership in the Union during the term of the CBA with the right to resign from membership during a fifteen-day window at the expiration of the CBA consistent with § 301(18) of the Public Employee Relations Act ("PERA"), Act of July 23, 1970, P.L. 563, as amended, 43 P.S. § 1101.301(18). Appx142-143; Motion to Dismiss Pl. First Amended. Comp. Exh. A., Art. 2.

In January 2020, Wilkofsky ceased paying dues to the Union in violation of the provision in Article 2 of the CBA. Appx109; Pl. First Amend. Compl., Para 46. Accordingly, the Union notified Wilkofsky that he had been expelled from membership due to his refusal to pay Union dues as required by the CBA. Appx174-177, 109; Motion to Dismiss Pl. First Amend. Compl., Exhs. "B", "C" & "D"; Pl. First Amend. Compl. Para 47-50. Due to his failure to pay Union dues, the Symphony has not allowed Wilkofsky to perform with the orchestra since May 20, 2021. Appx110; Pl. First Amend. Compl., Para 52.

The Union was certified as the collective bargaining representative for all full-time and regular part-time musicians employed by the Symphony. The Pennsylvania Labor Relations Board (PLRB) issued a Certification on November 23, 1999, after it conducted a secret ballot election on November 12, 1999, in accordance with the PLRB's Order and Notice of Election issued on August 12, 1999. Appx106-107, 117-130; Pl. First Amend. Compl., Para 19-31 & Exhs. A, B & C.

Wilkofsky alleged that as a consequence of the Supreme Court's Decision in *Janus v. AFSCME Council 31*, 138 S.Ct. 2448, 201 L.Ed. 924 (2018), the Symphony and the Union have violated his rights under the First Amendment of the United States Constitution by compelling him to provide financial support to the Union. Appx103; Pl. First Amend. Compl., Para 1. Wilkofsky further alleged that the Symphony and the Union have acted under color of state law because in the 1999 election, § 301(1) of PERA was used to define the Symphony as a public employer for the purposes of PERA, and therefore, the Symphony and the Union were state actors or acting under color of state law, thereby making the principles of *Janus* applicable to the instant matter.

The Symphony and the Union contend that *Janus* is inapplicable because the Symphony is a private, non-profit (non-stock) corporation organized pursuant to the laws of the Commonwealth of Pennsylvania, and therefore is not a state actor, nor

did it act under color of state law. Appx138, 178-179; Motion to Dismiss Pl. First Amend. Comp.

### B.    PROCEDURAL HISTORY

On April 11, 2022, Wilkofsky filed a Complaint alleging the Symphony and the Union violated his First Amendment rights by enforcing a maintenance of membership clause in the CBA between the Union and the Symphony. Wilkofsky alleged that enforcement of this provision in the CBA gave rise to a cause of action under § 1983. On May 6, 2022, the Union filed a motion to dismiss based on Wilkofsky's failure to state a claim pursuant to F.R.C.P. 12(b)(6). Appx39-93. On May 9, 2022, the Symphony filed a similar motion to dismiss. Appx94-102.

On June 29, 2022, the District Court entered an Order and Opinion dismissing Wilkofsky's Complaint without prejudice and granting Wilkofsky fourteen days from the date of the Order to file an Amended Complaint. Appx5. By Opinion and Order, the Court properly noted that for a § 1983 action to have any basis, the conduct complained of must be committed by a state actor or a person acting under color of state law. The Court addressed and rejected Wilkofsky's arguments that Appellees acted under color of state law because of PERA's statutory framework. The Court noted that simply because the Symphony was defined as a public employer under PERA does not mean that it acted under color of state law for purposes of a § 1983 action. Appx6-19.

On July 13, 2022, Wilkofsky filed a First Amended Complaint raising the same allegations with some additional facts. Appx103-136. On July 26, 2022, and July 27, 2022, respectively, the Union and the Symphony again filed motions to dismiss pursuant to F.R.C.P. 12(b)(6). On August 19, 2022, the District Court issued an Order granting Appellees' motions and dismissing Wilkofsky's First Amended Complaint with prejudice. Appx3. The Court noted that Wilkofsky's First Amended Complaint was "substantively the same as the Complaint." Appx3. Consequently, the District Court did not "see the need to restate its reasoning for dismissal that it already gave in a prior Opinion." Appx3. The District Court dismissed the First Amended Complaint with prejudice because Wilkofsky had an opportunity to cure his complaint's deficiencies but could not, and any additional amendments would therefore be futile. Appx3.

### C.    RULINGS PRESENTED FOR REVIEW

The District Court granted the Appellees' Motions to Dismiss Wilkofsky's Complaint without prejudice and issued an Opinion in support thereof. Appx5-19. After Wilkofsky filed his First Amended Complaint, the District Court again granted both Appellees' Motions to Dismiss and dismissed Wilkofsky's First Amended Complaint with prejudice, relying on its Opinion in support of its Order to dismiss the Complaint. Appx3-19.

## V.    **SUMMARY OF ARGUMENT**

Wilkofsky's First Amended Complaint failed to state a claim for violation of his constitutional rights because the Appellees are not state actors, nor did they act under color of state law. Simply because the Symphony is defined as a public employer for purposes of PERA does not make it a state actor or cause its actions to be under color of state law. Additionally, that the employees utilized PERA to organize as a union in 1999 does not convert the Symphony or the Union into a state actor or one that acted under color of state law. The Supreme Court's decision in *Janus* is based upon a constitutional deprivation by a state actor or a defendant acting under color of state law, and neither the Symphony nor the Union meet any part of the threefold test required to establish that a defendant acted under color of state law. None of the authorities cited by Wilkofsky support his arguments that state action can be found in this case. Lastly, Wilkofsky failed to show that the Symphony was compelling him to support a union, violating his constitutional rights.

The District Court analyzed the facts alleged by Wilkofsky, and properly concluded that no state action exists in this case and dismissed Appellant's First Amended Complaint with prejudice.

## VI.    **STANDARD OF REVIEW**

This Court's standard of review of the District Court's granting of a motion to dismiss is plenary. *N.Y. Shipping Ass'n., Inc. v. Waterfront Comm'n of N.Y.*

7

*Harbor*, 835 F.3d 344, 352 (3d Cir. 2016). On review, this Court applies the same standard as the District Court. *Id*. To survive a motion to dismiss, a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009).

The Symphony filed a Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) for failure to state a cognizable claim as a matter of law. Since the Supreme Court's decision in *Iqbal*, plaintiffs must plead more than the possibility of relief to survive a motion to dismiss. A complaint must contain sufficient factual matter, accepted as true, that states a claim to relief that is plausible on its face. *Iqbal* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2008); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). This plausibility standard requires more than a mere possibility that a defendant has acted unlawfully. A complainant must plead facts that are more than just "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements…" *Id*., quoting *Iqbal*, 129 S.Ct. at 1949. A plaintiff must plead factual content that permits the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id*.

When presented with a motion to dismiss for failure to state a claim, courts are required to conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court must accept all of the complaint's well pleaded

facts as true but may disregard any legal conclusions. Second, a court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A plaintiff must show such an entitlement with facts. See *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008). The Supreme Court held that a court must perform a "context-specific" task that requires it to draw upon its "…judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1949. And in resolving F.R.C.P. 12(b)(6) motions, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint that are essential to plaintiffs' claims that are attached to a defendant's motion. *Pension Benefit Guaranty Corp. v. White Consolidated Industries*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990).

## VII.  <u>ARGUMENT</u>

### A.  APPELLANT'S FIRST AMENDED COMPLAINT FAILED TO STATE A CLAIM FOR VIOLATION OF HIS CONSTITUTIONAL RIGHTS BECAUSE APPELLANT FAILED TO ESTABLISH THAT APPELLEES WERE STATE ACTORS OR THAT APPELLEES ACTED UNDER COLOR OF STATE LAW.

1.  <u>The Symphony Is Not A State Actor Simply Because It Is Defined as a Public Employer In The Statute.</u>

Wilkofsky's claim against the Symphony is plausible only if the Symphony is a state actor or was acting under color of state law. "[A]t base, 'constitutional standards are invoked only when it can be said that the [government] is *responsible* for the specific conduct of which the plaintiff complains,'" *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141-42 (3d Cir. 1995). "A person may be found to be a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.,* 184 F.3d 268, 277 (3d Cir. 1999). The Symphony respectfully submits that Wilkofsky pled none of these required facts, and dismissal of the First Amended Complaint was proper.

Wilkofsky first argues that the Symphony is a state actor because "the governing statute makes clear that a public employer (the Symphony) is a party to the conduct Mr. Wilkofsky challenges." Opp. Br. at 8. He argues that because the Legislature included nonprofit corporations within the definition of public employer

in PERA, the Symphony somehow becomes a state actor for purposes of maintaining a claim against it under §1983, regardless of whether the Symphony is in fact a state actor. As the District Court held, the "Court cannot take a short cut when determining whether state action exists." Appx17. "Deciding whether 'there has been state action *requires* an inquiry into whether there is a sufficiently close nexus between the State and the challenged action of [the Defendants] so that the action of the latter may be fairly treated as that of the State itself." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995) (emphasis added) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). If the Legislature decided to define professional sports teams within the Commonwealth as public employers, would that make the Phillies a public employer? The Legislature's inclusion of a type of entity within a statutory definition of public employer does not make it so for federal Constitutional purposes without alleging facts sufficient to make a plausible case that the entity satisfies the three-part test of *Angelico.*

Additionally, Wilkofsky argues that the Pennsylvania Legislature has chosen to define its public employers more broadly than some other states and, therefore, in Pennsylvania, the Symphony is a public employer. Wilkofsky illustrates the folly of his own argument when he points out that the Symphony would not be a state actor if it were located in, for example, New York, California, or Ohio, owing simply to the definitions used by the legislatures of those states. Appellant Br. at 10, fn. 2.

Wilkofsky concedes that a symphony that collectively bargains with its musicians in Ohio is not bound by *Janus*, but the Allentown Symphony is bound by *Janus* simply because of how the Pennsylvania Legislature chose to define public employers for purposes of PERA. Plaintiff's argument ignores the analysis the Third Circuit requires to determine if there is state action for §1983 purposes.

"[T]he principal question at stake is whether there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005). Additionally, this Circuit has set forth three broad tests generated by the Supreme Court's holdings to determine whether state action under color of law exists: (1) "Whether the private entity has exercised powers that are traditionally the exclusive prerogative of the State"; (2) "Whether the private party has acted with the help of or in concert with state officials"; and (3) "Whether the [S]tate has so far insinuated itself into a position of inter-dependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Mark*, 51 F.3d at 1142. Under any test, the inquiry is fact specific. *Groman v. Twp of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); see also, *Crissman v. Dover Downs Entm't, Inc.*, 289 F.3d 231, 234 (3d Cir. 2002) (en banc).

Wilkofsky failed to raise any allegation in his Complaint or First Amended Complaint that would make a plausible showing that his allegations would meet the *Mark* test.

First, by entering into a CBA with the Union, the Symphony did not exercise powers that are "traditionally the exclusive prerogative of the state." Collective bargaining agreements between private entities such as the Symphony and unions have existed since the passage of the Wagner Act in 1935. (The Wagner Act was amended by the Taft-Hartley Act in 1947 and is now more commonly referred to as the National Labor Relations Act. 29 U.S.C. § 151 *et seq.)* Second, there are no allegations in the First Amended Complaint that the Symphony "acted with the help of or in concert with state officials." There is no allegation that state officials assisted the Symphony in entering into a CBA with the Union including the complained-of maintenance of membership provision. Third, Wilkofsky fails to allege any facts that could make a plausible case that the state "has so far insinuated itself into a position of inter-dependence with the acting party that it must be recognized as a joint participant in the challenged activity." Thus, neither the Symphony nor the Union acted under color of state law, and therefore, Wilkofsky failed to state a cognizable claim under § 1983, and dismissal of the Plaintiff's First Amended Complaint with prejudice was proper.

Wilkofsky further argues that the District Court's decision is at odds with a recent decision by the Fourth Circuit in *Peltier v. Chart Day Sch., Inc.*, 37 F.4th 104, 117 (4th Cir. 2022) (en banc). In *Peltier*, the Court found that a charter school in North Carolina that was **state-created** and **state-funded** was a state actor. *Id.* at 122. There can be no serious contention that the Symphony is either state-created or state funded as was the charter school in *Peltier*. Additionally, the charter schools in North Carolina were providing a service traditionally borne by the state as required by its constitution. *Id*. at 122. In contrast, the Symphony does not provide, and Wilkofsky does not allege otherwise, a service traditionally borne by the state, nor does Pennsylvania's Constitution require creation of a symphony orchestra. Accordingly, Wilkofsky's reliance on *Peltier* is misplaced, and dismissal of the Plaintiff's First Amended Complaint with prejudice was proper.

2.  The Symphony Is Not A State Actor Because It "Embraced Its Public Employer Status."

Wilkofsky next argues that the Symphony is a state actor because it "embraced its public employer status" and chose to act in its capacity as a public employer. Even if the simple fact that the Commonwealth of Pennsylvania authorized a nonprofit corporation such as the Symphony to collectively bargain with a union were to constitute state action (which the Symphony does not concede), it is not the authorization of the Symphony to enter into a CBA about which Wilkofsky

complains. Rather, Wilkofsky's complaint challenges the requirement within the CBA that its employees maintain membership in the Union.

State action requires that the government be responsible for the specific action complained of. PERA does not compel the employer's employees to maintain membership in a union. Instead, the statute says only that "Membership dues deductions and maintenance of membership are proper subjects of bargaining." PERA, 43 P.S. §1101.705. Not every action taken by a public entity is deemed to have occurred under state law, "but only when the alleged wrongdoer is acting by their state authority." *Boykin v. Bloomsberg Univ. of Pa.*, 893 F. Supp. 409, 417 (M.D. Pa. 1995), aff'd, 91 F.3d 122 (3d Cir. 1996). Because PERA does not compel a maintenance of membership provision in the CBA, its inclusion in a contract between two private entities cannot constitute governmental power.

The National Labor Relations Act authorizes unquestionably private employers to collectively bargain with their employees. ("It shall be an unfair labor practice for an employer . . . (5) to refuse to bargain collectively with the representatives of his employees.") *Id*. at §158.8. A similar provision is contained in the Pennsylvania Labor Relations Act, 43 P.S. §211.6. Just as the authorization of a private employer to collectively bargain with its employees' union does not make every employer in Pennsylvania a state actor under *Janus v. AFSCME, Council 31*,

138 S. Ct. 2448 (2018), PERA's authorization of a nonprofit such as the Symphony does not make the Symphony a state actor.

Additionally, the Third Circuit's opinion in *Angelico* does not support Wilkofsky's arguments. In *Angelico*, the Court held that the state's authorization given to private attorneys to issue subpoenas does not make the attorney a state actor for §1983 purposes. *Id*. at 277-278. Similarly, in the present case, the state's authorization given to nonprofit corporations to collectively bargain does not make the nonprofit a state actor.

In this case, the District Court granted Appellees' Motions to Dismiss finding that Wilkofsky's Complaint and First Amended Complaint failed to allege sufficient facts that Appellees are state officials, that Defendants acted with the state in drafting or entering the CBA, that Defendants obtained significant aid from state officials, or that Defendants' conduct, by its nature, is chargeable to the state. The Court relied on the holdings in *White* and *Jackson*, among other authorities, in support of its Opinion. *White v. Commc'ns Workers of Am., AFL-CIO, Loc. 1300*, 370 F.3d 346, 350 (3d Cir. 2004); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974).

In *White*, the Supreme Court rejected the argument that a legislature's express permission of a practice is sufficient to make the act of engaging in that practice state action. *White* at 353-54. In *Jackson*, the Court reasoned that the "mere fact that a business is subject to state regulation does not by itself convert its action into that of

16

the State for purposes of the Fourteenth Amendment. *Jackson* at 350. Simply put, conduct "allowed by state law where the initiative comes from [a private party] and not from the State, does not make its action in doing so 'state action' for purposes of the Fourteenth Amendment. *Id*.

Here, the District Court found that the state permitted the Appellees to enter into the CBA; however, Wilkofsky's allegations were insufficient to state a cause of action for a violation of his constitutional rights and was not conduct chargeable to the state. Appx16. "The fact that the parties availed themselves of the collective bargaining procedures established by PERA is not sufficient to establish state action." *Oliver v. Serv. Emps. Int'l Union Loc. 668*, 415 F. Supp. 3d 602, 611 (E.D. Pa. 2019). Therefore, the District Court properly dismissed Plaintiff's First Amended Complaint with prejudice. Appx3.

3.    Wilkofsky's Request for Remand Should Be Denied.

Wilkofsky next argues that the matter should be remanded to the District Court for further development of the record. This request should be denied as the District Court has already granted Appellees' Motions to Dismiss Wilkofsky's Complaint and Wilkofsky's First Amended Complaint. After granting the Appellees' first Motions to Dismiss, Wilkofsky filed his First Amended Complaint with minimal changes and nothing of substance added. The District Court dismissed the First Amended Complaint "with prejudice because [Wilkofsky] had an

opportunity to cure his complaint's deficiencies but did not. Any additional amendments would therefore be futile." Appx3.

As such, any request by Wilkofsky for remand to the District Court for further ruling should be denied as futile.

4. <u>Wilkofsky Failed To State A Claim for Violation of His Constitutional Rights Because Wilkofsky Failed to Show that the Symphony Is Compelling Him to Support a Union.</u>

Wilkofsky again argues that he stated a claim for violation of his constitutional rights because his public employer is compelling him to support a union. As discussed above, PERA does not compel the employer's employees to maintain membership in a union. Instead, the statute says only that "Membership dues deductions and maintenance of membership are proper subjects of bargaining." PERA, 43 P.S. §1101.705. PERA does not compel a maintenance of membership provision in the CBA between Defendants.

Therefore, the very act of a state authorizing a nonprofit corporation to collectively bargain does not make the private corporation a state actor, the act complained of by Plaintiff – maintenance of membership – is not required by the statute, and therefore, its inclusion in the CBA cannot possibly be considered state action.

## VIII. <u>CONCLUSION</u>

WHEREFORE, Allentown Symphony Association prays that this Honorable

Court dismiss Appellant's Appeal.

*Respectfully submitted,*
*NORRIS MCLAUGHLIN, PA*

*By:      /s/ Rebecca J. Price*
Date: December 19, 2022                    *Rebecca J. Price, Esq.*
*515 West Hamilton Street, Suite 502*
*Allentown, PA 18101*
*rprice@norris-law.com*
*610-391-1800*

*Robert Mahoney, Esq.*
*400 Crossing Boulevard, 8th Floor*
*Bridgewater, NJ 08807*
*rmahoney@norris-law.com*
*908-252-4158*

*Attorneys for Appellee,*
*Allentown Symphony Association, Inc.*

# CERTIFICATIONS

The undersigned hereby certifies the following:

a. All attorneys whose names appear on this brief or a member of the bar of this Court.

b. This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7). It contains 4,101 words according to the word processing system used to prepare this brief.

c. The text of the electronic version of this brief is identical to the text in the paper copies of this brief sent to this Court and opposing counsel.

d. The virus protection program, Webroot Endpoint Protection CE 22.3, has been run on the electronic, PDF file of this brief and related attachments and no virus was detected.

e. This brief has been electronically filed and served this day with the Clerk of Court using the Court's CM/ECF system. Appellants were served on this day electronically through the courts docketing system which constitutes service under Local Appellate Rule Misc. 113.4(a). One (1) paper copy of this brief was mailed to opposing counsel on this day via commercial carrier as follows:

Quintes D. Taglioli, Esq.
Markowitz & Richman
121 North Cedar Crest Blvd
2nd Floor
Allentown, PA 18104
qdtaglioli@markowitzandrichman.com

Danielle R. Acker Susanj, Esq.
Nathan J. McGrath, Esq.
Tessa E. Shun, Esquire
THE FAIRNESS CENTER
500 North Third Street
Suite 600B
Harrisburg, PA 17101
drasusanj@faimesscenter.org
njmcgrath@fairnesscenter.org
teshurr@fairnesscenter.org

Seven (7) copies of this brief was mailed via commercial carrier on this day

to this Court at 601 Market Street, Philadelphia, PA 19106-1790.

*Respectfully submitted,*
*NORRIS MCLAUGHLIN, PA*

*By:     /s/ Rebecca J. Price*
*Date: December 19, 2022*       *Rebecca J. Price, Esq.*
*515 West Hamilton Street, Suite 502*
*Allentown, PA 18101*
*rprice@norris-law.com*
*610-391-1800*

*Robert Mahoney, Esq.*
*400 Crossing Boulevard, 8th Floor*
*Bridgewater, NJ 08807*
*rmahoney@norris-law.com*
*908-252-4158*

*Attorneys for Appellee,*
*Allentown Symphony Association, Inc.*